IN THE SUPREME COURT OF THE STATE OF NEVADA

EMT VENTURES, LLC,
Appellant,
vs.
THE BANK OF NEW YORK MELLON,
F/K/A THE BANK OF NEW YORK AS
TRUSTEE FOR THE
CERTIFICATEHOLDER CWALT, INC.
ALTERNATIVE LOAN TRUST 200-45
MORTGAGE PASS-THROUGH
CERTIFICATES SERIES 2005-45,
Respondent.

No. 69230

**FILED**

MAR 21 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## ORDER OF REVERSAL AND REMAND

This is an appeal from a grant of summary judgment, and denial of a countermotion, in an action to quiet title and seeking injunctive relief. Eighth Judicial District Court, Clark County; Gloria Sturman, Judge.

In *Shadow Wood Homeowners Ass'n, Inc. v. New York Community Bancorp, Inc.*, 132 Nev., Adv. Op. 5, 366 P.3d 1105, 1114 (2016), this court recognized that a quiet title action is equitable in nature and, as such, a court must consider the "entirety of the circumstances that bear upon the equities." In particular, we noted that tender of the purported superpriority portion of an HOA's lien is a relevant consideration when determining whether an HOA foreclosure sale extinguishes the deed of trust. *Id.* at 1114, 1116. We also recognized that the parties must develop a record in the district court regarding what the fees and costs represent; when they were incurred; their (un)reasonableness; and the impact, if any, of any applicable covenants, conditions and restrictions (CC & Rs) on their allowance. *Id.* at 1113. In

addition, we recognized that whether the sale was commercially reasonable, and whether a bona fide purchaser will be harmed by setting the sale aside, are also issues that must be taken into account. *Id.* at 1114, 1116.

Because the parties failed to develop an adequate record below, and because the district court granted summary judgment in favor of respondent without addressing how these issues bore upon the equities, we conclude that summary judgment in respondent's favor may not have been proper, and we

ORDER the judgment of the district court REVERSED AND REMAND this matter to the district court for proceedings consistent with this order.[1]

_____, C.J.
Parraguirre

_____, J.
Hardesty

_____, J.
Pickering

---

[1]The district court also granted summary judgment on the basis that NRS 116.3116 is unconstitutional. Because this court has held that NRS 116.3116 is constitutional, we reverse on this issue. *Saticoy Bay LLC Series 350 Durango 104 v. Wells Fargo Home Mortg., a Div. of Wells Fargo Bank, N.A.*, 133 Nev., Adv. Op. 5, 388 P.3d 970, 975 (2017).

cc: Hon. Gloria Sturman, District Judge
John Walter Boyer, Settlement Judge
Law Offices of Michael F. Bohn, Ltd.
Akerman LLP/Las Vegas
Eighth District Court Clerk